IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03CR313 |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM AND ORDER |
| EMILIO VALDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is Filing No. 116, the Motion to Vacate under 28 U.S.C. § 2255

("§ 2255 motion"), filed on May 5, 2008, and Filing No. 117, the motion for status filed by

the defendant, Emilio Valdez.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings*

*for the United States District Courts* requires initial review of a § 2255 motion, and

describes the initial review process:

> The motion, together with all the files, records, transcripts, and
> correspondence relating to the judgment under attack, shall be examined
> promptly by the judge to whom it is assigned.  If it plainly appears from the
> face of the motion and any annexed exhibits and the prior proceedings in the
> case that the movant is not entitled to relief in the district court, the judge
> shall make an order for its summary dismissal and cause the movant to be
> notified.  Otherwise, the judge shall order the United States Attorney to file
> an answer or other pleading within the period of time fixed by the court or to
> take such other action as the judge deems appropriate.

After a jury trial in which the defendant was found guilty on Count I of the Indictment,

charging defendant with possession with intent to distribute methamphetamine, this court

sentenced the defendant to 121 months in the custody of the Bureau of Prisons to be

followed by five years of supervised release. Filing No. 62.  The defendant appealed his

sentence, and on June 2, 2005, the Eighth Circuit Court of Appeals affirmed the

defendant's sentence. Filing No. 80.  As a result, the judgment of conviction in this case

became final well over one year ago.

Consequently, the claims raised in the defendant's § 2255 motion are barred by the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  As amended by the AEDPA, 28 U.S.C. § 2255(f) imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Absent a later triggering date under subsections (2) - (4) above, the one-year period for filing a § 2255 motion in federal court begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review.  Because the Eighth Circuit Court of Appeals affirmed the defendant's sentence on June 2, 2005, his conviction and sentence became final well over one year ago.  The defendant has not set forth any arguments supporting invocation of the equitable tolling doctrine, even if the doctrine were found to apply in the § 2255 context. *See United States v. Bell,* 2003 WL 21523470, at *1 (8th Cir. July 2, 2003), *cert. denied,* 540 U.S. 1202 (2004).

While the defendant asserts that he "exercised due diligence in discovering the facts supporting his claims, and the Section 2255(4) is filing within the year, of the date on which he discovered these facts," Filing No. 116 at 5, this blanket assertion does not excuse him from his obligation to comply with the AEDPA's statute of limitations. Instead, "a petitioner must show the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 -818 (8th Cir. 2008) (internal quotations omitted). "To be sure, section 2255 does not require the maximum feasible diligence, only due, or reasonable, diligence. Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option. However, it does at least require that a prisoner make reasonable efforts to discover the facts supporting his claims." *Id.* at 818 (internal citations and quotations omitted). In the present case, Valdez has presented no evidence or arguments to demonstrate that he acted with diligence or made any reasonable effort to discover any new facts pertinent to his claims. His failure to demonstrate anything in support of his assertion leads the court to conclude that he has not exercised the requisite level of due diligence that 28 U.S.C. § 2255(f)(4) requires.

Additionally, Valdez contends he filed late because "he had no one to assited [sic] him." Filing No. 116 at 5. This statement, however, does not excuse the defendant from complying with the AEDPA's one-year statute of limitations. *See Johnson v. United States*, 544 U.S. 295 (2005)(dismissing defendant's untimely § 2255 motion where defendant "offered no explanation for [his] delay, beyond that he was acting pro se and lacked the sophistication to understand the procedures. . . . [T]he Court has never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when

a statute's clear policy calls for promptness."); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (dismissing defendant's proffered excuses for timely filing where "[Defendant] could have drafted his own motion or sought the help of a legal aide in his own prison. No affirmative misconduct on the prison's part lulled [defendant] into inaction.").

Furthermore, even if the defendant could establish he acted with due diligence in filing his § 2255 motion, it is clear from the face of the § 2255 motion and the record that defendant is not entitled to relief for his claims. Defendant avers that his warrantless arrest was improper, and consequently the evidence seized in the vehicle should have been suppressed. Even if defendant could succeed in arguing that his arrest was improper, defendant would not succeed in establishing that as a result, the police acted outside the bounds of the Fourth Amendment when they searched and seized the evidence discovered within the vehicle. The record demonstrates police had probable cause to conduct a warrantless search of the vehicle since police had been informed that defendant would be delivering a pound of methamphetamine in the vehicle. *See* Filing No. 116 at 5. Because the Supreme Court has recognized an "automobile exception," "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Wells*, 347 F.3d 280, 287-88 (8th Cir. 2003) ("When police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle . . . . ") (quoting *Michigan v. Thomas*, 458 U.S. 259, 261(1982) (per curiam)).

Valdez's second claim alleges that he received ineffective assistance of counsel based on his attorney's failure to make a motion to suppress the evidence seized as a result of his warrantless arrest and the subsequent search of the vehicle.   Valdez's attorney, however, was not required to make an argument that lacks merit. *See Larson v. United States, 833 F.2d 758, 759 (8th Cir. 1987)* (Because defendant's "fourth amendment claim lacks merit, the failure of [the defendant's] counsel to raise the issue does not constitute ineffective assistance."). Due to defendant's failure to timely file, the court does not decide this claim.  For the foregoing reason, the defendant's claim is denied.

IT IS ORDERED:

1.    The defendant's Motion to Vacate under 28 U.S.C. § 2255 (Filing No. 116) is denied.

2.    A separate Judgment will be issued.

3.    The defendant's motion for status (Filing No. 117) is denied as moot.

4.  The Clerk of Court is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 9th day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge